UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JARRIS DONALD,

    Plaintiff,

vs.                                          Case No. 3:10-cv-41-J-34MCR

PARK & FLY, LLC,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment (Doc. 18) filed August 23, 2011. Defendant failed to file a response, despite being given an extension of time in which to do so. (Doc. 19). The Court, having considered the instant Motion, the affidavits attached thereto as well as the Amended Complaint and exhibits thereto (Doc. 12), and being otherwise advised in the premises, recommends Plaintiff's Motion be granted.

## **I.   BACKGROUND**

Plaintiff filed this lawsuit against Defendant on January 15, 2010, seeking unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). (Doc. 1). On February 11, 2010, Plaintiff effected service of process on Defendant. (Doc. 6, Ex. A). Defendant did

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

-1-

not file an answer or otherwise appear in the instant case. Accordingly, on March 10, 2010, Plaintiff moved for entry of a Clerk's default. (Doc. 6). The Clerk of Court entered a default against Defendant on March 11, 2010. (Doc. 7). Pursuant to Rule 55(b)(2), Plaintiff then filed a Motion for Final Default Judgment against Defendant on March 23, 2010. (Doc. 8). On February 7, 2011, the Court entered an Order, denying that Motion without prejudice and dismissing the Complaint for failure to state a claim upon which relief could be granted. (Doc. 11). The Court's Order provided that the dismissal was without prejudice to Plaintiff filing an amended complaint on or before February 25, 2011. Id. The Order also required Plaintiff to ensure the Amended Complaint was properly served on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. Id.

On February 9, 2011, Plaintiff filed an Amended Complaint (Doc. 12). Thereafter, on May 13, 2011, Plaintiff filed a motion for entry of a Clerk's default. (Doc. 13). This motion was denied as Plaintiff failed to serve the Amended Complaint on Defendant pursuant to Rule 4. (Doc. 14). On June 14, 2011, Plaintiff served the Amended Complaint on Defendant. (Doc. 15). As Defendant again failed to file an answer or otherwise appear in this action, Plaintiff moved for entry of a Clerk's default on July 8, 2011 (Doc. 16) and on July 11, 2011, the Clerk of Court entered a default against Defendant on the Amended Complaint. (Doc. 17). On August 23, 2011, Plaintiff filed the present Motion. (Doc. 18).

**II.   ANALYSIS**

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter final default judgment against a defaulting party, however, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Rather, the Court must find "a sufficient basis in the pleadings for the judgment entered." Id.  A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu, 515 F.2d at 1206)).  Accordingly, in ruling on the instant Motion for Default Judgment, the Court must examine in further detail Defendant's liability under the causes of action alleged in the Amended Complaint.

**A.    Liability**

Although the Court previously found that Plaintiff's original "Complaint fail[ed] to contain well-plead allegations of fact required to state a claim for overtime compensation under the FLSA" (Doc. 11, p.5), the Amended Complaint corrects the deficiencies pointed out in the Court's February 7, 2011 Order.  As noted by Judge Howard, to prevail on a claim for payment of overtime wages under the FLSA, Plaintiff must establish the following:

---

[2] In the case of Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

> (1) Plaintiff was employed by the Defendant during the time
> period involved;
>
> (2) Plaintiff was engaged in commerce or the production of
> goods for commerce or was employed by an enterprise
> engaged in commerce or the production of goods for
> commerce; and
>
> (3) Defendant failed to pay the overtime pay required by law.

(Doc. 11, p.5, citing Eleventh Circuit Pattern Jury Instruction - Civil 1.7.1 (2005)). In finding the original complaint was deficient, Judge Howard noted Plaintiff's failure to allege facts supporting the first element required for an overtime claim under the FLSA. Specifically, Plaintiff failed to allege the dates she worked for Defendant. (Doc. 11, p.5). The Amended Complaint corrects this deficiency by alleging Plaintiff was employed with Defendant from September 2009 to November 19, 2009. (Doc. 12, ¶2). Further, Judge Howard was concerned with Plaintiff's failure to allege sufficient facts to support the second element: that she was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce. Judge Howard noted that:

> to be an "enterprise" under the FLSA, a business must
> employ two or more employees engaged in commerce or in
> the production of goods for commerce, or that handle[,] sell[,]
> or otherwise work on goods or materials that have been
> moved or produced in commerce . . .

(Doc. 11, p.6 citing <u>Dent v. Giaimo</u>, 665 F.Supp.2d 1295, 1305 (S.D. Fla. 2009)).

Again, the Amended Complaint addresses these concerns by alleging: Defendant was an enterprise covered by the FLSA; its annual gross business was at least $500,000 for the last three years;[3] it had two or more employees engaged in interstate commerce, such as handling or otherwise working on goods that had been moved in or produced for interstate commerce, driving and parking cars registered in multiple states throughout the United States, using supplies that had previously moved in commerce, accepting payment from customers using credit cards issued by out-of-state banks, using the telephone and computer to place or accept business calls for reservations and quotes, and using the U.S. Mail to send and receive correspondence with customers located out of state. (Doc. 12, pp. 2-3). Moreover, the Amended Complaint alleges Defendant failed to comply with the FLSA by failing to pay Plaintiff for the hours she worked in excess of forty within a work week. (Doc. 12, p.3).

Based on these allegations, the Court finds Plaintiff has provided a sufficient factual basis to support her claims that she worked for Defendant during the relevant time period, that Defendant was an enterprise engaged in commerce or the production

---

[3] In the Order denying the original motion for default judgment (Doc. 12), Judge Howard expressed concern over the speculative nature of Plaintiff's allegations regarding Defendant having over $500,000 in gross income. The undersigned finds Plaintiff's allegations in her affidavit remain speculative regarding Defendant's income. However, the undersigned finds Plaintiff's Amended Complaint alleges sufficient facts to support a finding of liability under the FLSA. See Williams v. Upright Const., Inc., No. 3:0-cv-363-J-34JBT, 2011 WL 2173849 (M.D. Fla. Mar. 24, 2011) (finding allegation that "[a]t all material times relevant to this action . . ., Defendant made gross earnings of at least $500,000.00 annually," sufficient); Chun Jie Yin v. Kim, No. 07-cv-1236, 2008 WL 906736, at *5 (E.D.N.Y. Apr.1, 2008) (accepting plaintiff's conclusory "allegation that [defendant] 'has gross sales of over $500,000.00,' " even though plaintiff failed to specify any time period for such sales).

of goods for commerce, and that Defendant failed to pay Plaintiff overtime as required by law.  Plaintiff has also sufficiently alleged a basis for the Court's jurisdiction and a demand for relief.  (Doc. 12, ¶5).  Because the Court must deem the well-pleaded allegations of the Amended Complaint as true, the Court finds that Plaintiff has established a claim for payment of overtime wages under the FLSA.  Therefore, Plaintiff is entitled to a default judgment and the Court will now turn to the issue of damages.

**B.     Damages**

Having found Plaintiff entitled to a default judgment on her claims, the undersigned turns to the question of damages.  "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."  Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) and Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003)).  In the instant case, Plaintiff submitted an affidavit in which she seeks damages for unpaid overtime wages in the amount of $1,031.25 and an equal amount in liquidated damages.

In an FLSA case, it is the employee's burden to prove, "with definite and certain evidence, that [s]he performed work for which [s]he was not properly compensated." Reeves v. Int'l Tel.& Tel. Corp., 616 F.2d 1342, 1351 (5th Cir. 1980).  "Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or

overtime compensation," and if "the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a 'sufficient basis' for damages." Id. In such a situation, the employee satisfies this burden by producing "sufficient evidence to prove that [s]he 'performed work for which [s]he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's prima facie case, the "court may award approximate damages based on the employee's evidence." Id.

In the present case, there are no time records because, as alleged in Plaintiff's Amended Complaint, "the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant" (Doc. 12, ¶15), and Defendant has made no appearance in this case. Despite the lack of records, Plaintiff has shown that she performed work for which she was improperly compensated and she has shown the amount of that work. Specifically, Plaintiff's Affidavit provides that she "generally worked sixty-five (65) hours per week" and she was paid $7.50 per hour for all hours worked. (Doc. 18, Ex. A). Plaintiff is claiming unpaid overtime for a period of eleven (11) weeks. (Doc. 18, p.6, Ex. A, ¶4). Based on this Affidavit, Plaintiff's actual damages equal $1,031.25 (25

overtime hours per week x $3.75 half time hourly rate = $93.75 unpaid overtime per week x 11 weeks of employment = $1,031.25).  In light of Defendant's failure to appear and come forward with evidence to rebut this amount and show the precise amount of work performed by Plaintiff, Plaintiff's affidavit is sufficient to carry her burden of proof regarding the amount of overtime compensation due.  As such, the undersigned finds Plaintiff should be awarded the full amount of damages sought for unpaid overtime wages, which equals $1,031.25.

The undersigned also finds Plaintiff should be awarded liquidated damages in the amount of $1,031.25.  Under the FLSA:

> if the employer shows to the satisfaction of the court that the
> act or omission giving rise to [the] action was in good faith
> and that he had reasonable grounds for believing that his act
> or omission was not a violation of the [FLSA], as amended,
> the court may, in its sound discretion, award no liquidated
> damages or award any amount thereof not to exceed the
> amount specified in section 216.

29 U.S.C. § 260.  Here, Plaintiff's Amended Complaint alleges that "[a]s a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages." (Doc. 12, ¶20).  Since Defendant has failed to appear and challenge Plaintiff's allegations, the Court finds that an award of liquidated damages in an amount equal to the amount of damages for unpaid overtime wages is appropriate in this case. Therefore, the undersigned will recommend that Plaintiff be awarded $2,062.50 for unpaid wages and liquidated damages.

### C. Costs[4]

Plaintiff seeks costs in the amount of $535.00, which represents $350.00 for the filing fee and $185.00 for service of process. (Doc. 18 at p.7 and Ex. B). As such costs are authorized by statute, see 29 U.S.C. § 216(b); see also 28 U.S.C. § 1920 (stating that filing fees and service fees are recoverable), the full amount of these costs is due to be awarded to Plaintiff.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends Plaintiff be awarded the following: damages for unpaid overtime wages in the amount of $1,031.25; liquidated damages in the amount of $1,031.25; and costs in the amount of $535.00.

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

Plaintiff's Motion for Entry of Default Final Judgment (Doc. 18) be **GRANTED** and the Clerk of Court be directed to enter judgment in favor of Plaintiff, Jarris Donald, and against Defendant, Park & Fly LLC, for the sum of Two Thousand, Five Hundred and Ninety-Seven Dollars and Fifty Cents ($2,597.50), terminate any pending motions, and close the file.

---

[4] Although 29 U.S.C. § 216(b) authorizes an award of attorney's fees and costs to a prevailing plaintiff, the instant Motion is silent as to attorney's fees. Therefore, the Court assumes Plaintiff's counsel is waiving recovery of all attorney's fees in this matter and is only seeking costs. Since this case is decided on a motion for default judgment, the Court finds it appropriate to accept counsel's waiver and not include an award of attorney's fees in the judgment.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this   7th   day of November, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Marcia Morales Howard,
United States District Judge

Counsel of Record

Park & Fly, LLC
c/o Ravi Gandhy, Registered Agent
1305 Ivy Hedge Avenue
St. Augustine, FL 32092